UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDY RODRIGUEZ, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-539 |
| | § | |
| ALTRUIST HOME HEALTH CARE, INC. AND LALANII WILSON, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Freddy Rodriguez sues Defendants Altruist Home Health Care, Inc. and Lalanii Wilson ("Defendants") and in support thereof would show as follows:

**I. PRELIMINARY STATEMENT**

1.1 This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants provide home health services to individuals in Texas. Plaintiff was a Licensed Vocational Nurse ("LVN"). Plaintiff would travel to the homes of Defendants' customers to provide nursing care.

1.2 Freddy Rodriguez started working for Defendants as an LVN Field Nurse beginning in August 2016 and is still currently employed by Defendants.

1.3 Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Altruist Home Health Care, Inc. because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Freddy Rodriguez is an individual residing in Dallas County, Texas.

**B.     Defendants**

3.2     Defendant Altruist Home Health Care, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.3     Defendant Altruist Home Health Care, Inc. was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant Altruist Home Health Care, Inc. can be served with process by serving its

registered agent for service of process, Lalanii Wilson at 5904 Samuell Blvd., Dallas Texas 75228.

3.5     Defendant Lalanii Wilson is an individual who resides in Dallas County, Texas.

3.6     At all times relevant to this claim, Lalanii Wilson acted directly or indirectly in the interest of Defendant Altruist Home Health Care, Inc. in relation to Plaintiff's employment.

3.7     At all times relevant to this claim, Lalanii Wilson was substantially in control of the terms and conditions of Plaintiff's work.

3.8     Defendant Lalanii Wilson was an employer of the Plaintiff as defined by 29 U.S.C. §203(d). Lalanii Wilson may be served with process at 5904 Samuell Blvd., Dallas Texas 75228.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Altruist Home Health Care, Inc. had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendant Altruist Home Health Care, Inc. has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Altruist Home Health Care, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide home health care services. Plaintiff worked for Defendants as a Field LVN.

5.2     Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.5     Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.6     As the Director of Defendant Altruist Home Health Care, Inc., Lalanii Wilson independently exercised control over the work performed by Plaintiff.

5.7     Lalanii Wilson is responsible for running the day-to-day operations of Altruist Home Health Care, Inc.

5.8     Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc., determined the wages to be paid to Plaintiff.

5.9     Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc., determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.10    Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc.,

determined the locations where Plaintiff would work.

5.11  Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc., determined Plaintiff's hours.

5.12  Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc., determined Plaintiff's conditions of employment.

5.13  Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc., maintained employment records on Plaintiff.

5.14  Lalanii Wilson, acting directly in the interest of Altruist Home Health Care, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.15  Plaintiff was a non-exempt employee under the FLSA.

5.16  Defendants paid Plaintiff a salary, even though he was non-exempt.

5.17  Plaintiff normally worked in excess of forty hours per week.

5.18  Defendants did not track Plaintiff's time.

5.19  Although Plaintiff worked more than forty hours per week, Plaintiff was not paid overtime compensation for any hours worked over forty per week.

## VI.  CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1  Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2   As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for these hours.

6.3  Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week.  Even though Plaintiff worked in excess of forty hours per week, Defendants failed to

5

pay Plaintiff overtime pay for any hours worked in excess of forty per week.

6.4    Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime compensation for all hours worked over forty per workweek.

6.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.6    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.7    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

6.8    Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Freddy Rodriguez respectfully prays that Defendants Altruist Home Health Care, Inc. and Lalanii Wilson, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following, jointly and severally, against Defendants:

    a.    Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

    b.    Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

    c.    Reasonable attorney's fees, costs and expenses of this action, including expert

witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


**Scotty Jones**
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF